IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

VINCENT GREEN                                                                                    PLAINTIFF

vs.                                            Civil No. 1:08-cv-01032

FORD MOTOR COMPANY                                                                 DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before this Court is Plaintiff's Motion to Extinguish the Liens Alleged by Shelter and State

Farm Insurance Companies.  ECF No. 20.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and

(3) (2009), on April 4, 2011, the Honorable Robert T. Dawson referred this Motion to this Court for

the purpose of making a report and recommendation.  In accordance with that referral, this Court

enters the following report and recommendation and recommends this Motion be **GRANTED** in its

entirety for the reasons outlined below.

1. **Background**

On March 26, 2008, Plaintiff originally filed this action in the Circuit Court of Ouachita

County, Arkansas.  ECF No. 1 ¶ 1.  This action was subsequently removed to the Western District

of Arkansas on May 5, 2008.  ECF No. 1.  This action was removed on the basis of diversity of

citizenship and pursuant to 28 U.S.C. § 1441 (2002).  *Id.*

In his Complaint, Plaintiff alleges the following three Counts: (1) Count I: Strict Liability;

(2) Count 2: Negligence; and (3) Count 3: Breach of Warranties of Merchantability and Fitness for

Particular Purpose.  ECF No. 1-1.  Plaintiff also alleges entitlement to punitive damages in this

Complaint.  *Id.*  All of Plaintiff's allegations arise out of fire which purportedly occurred on August

1

18, 2006 and destroyed his vehicle, house, and contents. *Id.* Defendant Ford filed an answer to this Complaint on May 5, 2008. ECF No. 2.

On June 17, 2008, this case was transferred to the United States Judicial Panel on Multidistrict Litigation in the Eastern District of Michigan (MDL 05-1718). ECF No. 8. As a part of the proceedings in that court, Shelter Mutual Insurance Company ("Shelter") and State Farm Mutual Automobile Insurance Company ("State Farm") intervened in this action. ECF No. 26. Thereafter, on September 9, 2010, this case was remanded from the Eastern District of Michigan back to this district for further proceedings. ECF No. 10. A scheduling order was subsequently entered, and jury trial is set for September 26, 2011 in El Dorado, Arkansas. ECF No. 18.

On April 4, 2011, Plaintiff filed the present Motion. ECF No. 20. With this Motion, Plaintiff states that a settlement agreement between himself and Defendant Ford has been reached for $46,000.00. *Id.* Shelter and State Farm have asserted liens against this amount. *Id.* Plaintiff now requests that the liens asserted by Shelter and State Farm be extinguished, and they recover no part of the $46,000.00. *Id.* Shelter and State Farm have responded to this Motion and argue that they are entitled to at least a portion of these settlement proceeds. ECF No. 22. Plaintiff has also filed a reply in this matter. ECF No. 24. On June 7, 2011, this Court held a hearing on Plaintiff's Motion. During that hearing, Plaintiff testified, and Exhibit 1 (Plaintiff's Attorney-Client Agreement) was admitted. After considering all the briefing by the Parties and the arguments of counsel, this Court finds this matter is now ripe for consideration.

## 2. **Applicable Law**

In diversity cases originally brought pursuant to 28 U.S.C. § 1332 (2005) or removed pursuant to 28 U.S.C. § 1441 (2002), federal courts apply the substantive law of the forum state. *See*

*Blankenship v. USA Truck, Inc.,* 601 F.3d 852, 856 (8th Cir. 2010) (holding that "*Erie* mandates that a federal court sitting in diversity apply the substantive law of the forum State, absent a federal statutory or constitutional directive to the contrary" (quoting *Salve Regina Coll. v. Russell,* 499 U.S. 225, 226 (1991))). In this case, the forum state is Arkansas. Thus, Arkansas substantive law applies.

Under Arkansas law, the "made whole" doctrine is recognized and dictates whether an insurer has a subrogation right in settlement proceeds. In accordance with this doctrine, an insurer's subrogation right is secondary to the right of the insured. *See Shelter Mut. Ins. Co. v. Kennedy,* 347 Ark. 184, 189, 60 S.W.3d 458, 461-62 (2001). The insured must be wholly compensated or "made whole" before the insurer's right to subrogation arises. *Id.* (holding that "subrogation is an equitable right to which an insurer is not entitled unless the insured is wholly compensated for his injuries"). In evaluating whether the insured has been "made whole," the settlement proceeds must be considered after deducting the insured's out-of-pocket expenses as well as attorney's fees and costs. *Id.* at 189 n.2. *See also Yancey v. B&B Supply,* 92 Ark. App. 348, 352, 213 S.W.3d 657, 660 (2005). If the remaining settlement proceeds are less than Plaintiff's loss which remains uncompensated, then Plaintiff has not been "made whole." *See Shelter Mut. Ins. Co.,* 347 Ark. at 189, 60 S.W.3d at 461-62.

Further, the "made whole" doctrine is an equitable doctrine. *See S. Farm Bureau Cas. Ins. Co. v. Tallant,* 362 Ark. 17, 24, 207 S.W.3d 468, 472 (2005). As such, under Arkansas law, courts are permitted to determine whether an insured as been "made whole" based upon the facts presented, and neither the insured nor the insurer is entitled to a trial by jury on this issue. *Id.* (affirming the circuit court's finding that the insured had not been "made whole" based upon the facts found at an evidentiary hearing held on motion to approve the settlement).

### 3. **Discussion**

The Parties do not dispute that the "made whole" doctrine applies under the facts in the

present action.  Furthermore, as represented in the briefing by the Parties, the settlement total is

$46,000.00.  Of that total, pursuant to the agreement between Plaintiff and his attorney, the

attorney's fee is forty percent (40%) or a total of $18,400.00.  Plaintiff's Exhibit 1 to Hearing on

June 7, 2011.  Plaintiff also testified that the expenses of his attorney are at least $1,879.20 and that

he paid $1,400.00 out-of-pocket for the removal of house which had burned during the fire.

Subtracting these figures from $46,000.00 leaves $24,320.80.

Thus, this Court must now determine whether Plaintiff's uncompensated loss–that amount

not covered by insurance–was greater than $24,320.80.  As an initial matter, however, this Court

notes that Shelter and State Farm do not contest that Plaintiff's uncompensated loss was between

$23,000.00 and $25,000.00.  Thus, based upon that fact alone, this Court could find this amount of

$24,320.80 does not fully cover Plaintiff's uncompensated loss, and Plaintiff has not been made

whole.

A review of the facts, however, indicates that Plaintiff's uncompensated loss was actually

higher than $23,000.00 to $25,000.00.  Based upon the evidence submitted by Plaintiff and the

representations of the Parties, State Farm paid Plaintiff $14,920.75 for his vehicle which was

destroyed in the fire, and Shelter paid Plaintiff $54,649.39 for his dwelling and contents.  Thus,

Plaintiff has three types of property loss: (1) vehicle, (2) dwelling, and (3) contents.  First, for his

vehicle, this Court presumes without deciding that Plaintiff was fully compensated by the

$14,920.75.[1]  Second, Plaintiff suffered the loss of his dwelling.  Based upon the statement from

Shelter which relates to Plaintiff's claim for damage due to the loss of his dwelling alone, Plaintiff's

"Deductible and Insured's Participation" was $26,240.05.  ECF No. 20-1 at 4.  This amount alone

is greater than $24,320.80.

Third, Plaintiff suffered a loss of home contents.  Plaintiff has submitted a "Proof of Loss -

Personal Property" which inventories his lost personal property and home contents that resulted from

the fire.  ECF No. 20-1 at 5-13.  Based upon this statement, Plaintiff claims he also suffered

$24,826.67 in losses for the contents of his house.  *Id.*  At the hearing in this matter, Shelter and

State Farm appeared to argue this number might be inflated because Plaintiff provided the

replacement value instead of actual value with depreciation.  However, even assuming this number

is inflated, if this number were reduced by half, Plaintiff's lost contents would still be valued at

$12,413.34.  This amount, along with $26,240.05 for the dwelling, equals $38,653.39.  This amount

clearly is greater than $24,320.80.

Thus, because Plaintiff's loss ($38,653.39) was greater than the remainder of the settlement

proceeds after deducting attorney's fees, costs, and out-of-pocket expenses ($24,320.80), this Court

finds Plaintiff has not been "made whole."  Accordingly, based upon the "made whole" doctrine,

Shelter and State Farm have no subrogation rights and are not entitled to any of the proceeds from

the $46,000.00 settlement.[2]

---

[1] This Court does not decide this issue because there is a factual dispute as to whether Plaintiff was "made whole" by this amount, and a factual determination on this issue does not impact the outcome of this Order.  Thus, there is no need to address this issue further.

[2] There was some suggestion at the hearing that the "made whole" doctrine should be analyzed separately for each insurance company such that Plaintiff was "made whole" for his vehicle damage from State Farm but was not "made whole" for his dwelling and contents damage from Shelter.  This Court does not address the issue of whether this is the proper legal standard for evaluating whether Plaintiff has been "made whole."  However, based upon Plaintiff's testimony at the hearing in this matter, it does appear the total of $14,920.75 Plaintiff received from

As a final note, Shelter and State Farm suggest that the standard to apply in this action is equitable; and even if Plaintiff has not been fully compensated for all his losses, Shelter and State Farm have still incurred substantial expenses in investigating this action and should receive at least a part of the $46,000.00.  This argument is acknowledged and has been considered by this Court.  However, this Court finds the proper equitable approach to apply is directed by the "made whole" doctrine which does not allow for an insurer's right of subrogation *unless and until* a plaintiff has been "made whole."  Thus, the Court declines to recommend that any amount be awarded to Shelter or State Farm.

## 4. Conclusion

Based upon the foregoing, this Court recommends that Plaintiff's Motion to Extinguish the Liens Alleged by Shelter and State Farm Insurance Companies be **GRANTED** in its entirety.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 15th day of June, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

State Farm may have compensated him fully for his vehicle loss.  However, Plaintiff still has a loss of attorney's fees and costs in pursuing this action that were not compensated by State Farm.  Thus, even assuming this were the correct legal standard to apply, Plaintiff has still not been "made whole" by either Shelter or State Farm.